*MADE JS-6*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 12-3255-GW(AGRx) | Date | August 9, 2012 |
| Title | *Deandra Grant, et al. v. National College for DUI Defense, et al.* | | |

**Present: The Honorable    GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Javier Gonzalez | Anne Kielwasser | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Okori Okorocha | Alexander A. Bodnar |

**PROCEEDINGS:    ORDER TO SHOW CAUSE RE DIVERSITY JURISDICTION**

The Court's Tentative circulated and attached hereto, is adopted as the Court's final ruling. Plaintiff's ex parte application for voluntary dismissal, filed on August 1, 2012, is **GRANTED**. A hearing on the cross-motions for sanctions, will be set for hearing on August 30, 2012 at 8:30 a.m.

:    07

Initials of Preparer    JG

*Grant, et al. v. Nat'l Coll. for DUI Def.*, Case No. CV-12-3255
Tentative Ruling on OSC re: Subject Matter Jurisdiction; and Ex Parte Application for Voluntary Dismissal of Case without Prejudice

## I. Background

On June 13, 2012, Defendant National College for DUI Defense ("Defendant") filed a motion to dismiss this case pursuant to Fed. R. Civ. P. 12(b)6 or, in the alternative, transfer venue to the Middle District of Alabama. *See generally* Docket No. 8. That motion sought dismissal both on substantive bases, for failure to state a claim, and also on the grounds that Plaintiff lacked standing. *See id.* That motion was set for hearing August 9, 2012. *See id.* Also on June 13, 2012, Plaintiff Deandra Grant filed a notice of voluntary dismissal, leaving Okorie Okorocha as the sole remaining Plaintiff in the action. *See* Docket No. 9. On June 27, 2012, Defendant filed a motion seeking sanctions in the amount of $23,864, pursuant to Fed. R. Civ. P. 11, set for hearing on August 9, 2012. *See* Docket No. 11.

On July 31, 2012, this Court issued an order to show cause (the "7/31/12 Order"), *sua sponte*, as to whether the Court lacked subject matter jurisdiction over the case, given that the First Amended Complaint ("FAC") insufficiently pled the citizenship of the parties, rendering it impossible for the Court to discern whether it has diversity jurisdiction over the matter. *See* Docket No. 22. In that Order, the Court also questioned whether Plaintiff Okorocha has standing to pursue the claims pled. *Id.* at 2. The 7/31/12 Order vacated the hearing date for Defendant's motion to dismiss, and Defendant's sanctions motion[1], in light of these jurisdictional issues, and instructed the parties to "be prepared to discuss the issue of diversity jurisdiction and, if necessary, Okorocha's standing, [at the hearing] on August 9, 2012." *Id.* at 3.

On August 1, 2009, Plaintiff Okorie Okorocha filed an "Ex Parte Application and Motion for Voluntary Dismissal of Case Without Prejudice Pursuant to Fed. R. Civ. P. 41(a)(1) Due to Lack of Diversity Jurisdiction." Docket No. 23. Defendant now opposes the voluntary dismissal. Docket No. 24.

## II. Analysis

In opposing Plaintiff's ex parte application for voluntary dismissal due to a lack of subject matter jurisdiction, Defendant complains that "it is entitled to dismissal *with prejudice* and the sanctions it has requested." Docket No. 24 at 1 (emphasis added). Plaintiff's voluntary dismissal application seeks only dismissal *without prejudice*. *See* Docket No. 23. However, before the Court can address any of Defendant's substantive arguments raised in the 12(b)(6) motion, which constitute the only grounds upon which the Court would even consider dismissal *with prejudice*, the Court must assure itself that it possesses subject matter jurisdiction. Thus, as to Defendant's complaint that Plaintiff is using an unwarranted ex parte application to circumvent a potential ruling of dismissal *with prejudice*, the Court is unpersuaded that

---

[1] The 7/31/12 Order also vacated Plaintiff's motion to strike declarations and exhibits submitted in support of Defendant's motion to dismiss. *See* Docket No. 10.

-1-

Defendant could have obtained such relief, as regardless of whether it rules in the context of the ex parte application or Defendant's motion to dismiss. In other words, until the Court is assured of its jurisdiction, both in terms of diversity jurisdiction and Plaintiff's standing, it would be improper for the Court to reach Defendant's arguments for dismissal on substantive grounds, which is the only foothold Defendant possesses in seeking a dismissal *with prejudice*. Indeed, as the Supreme Court has emphasized, jurisdiction is a threshold issue that should be decided before any consideration of a case's merits. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, at 93-95 (1998); *see also* Schwarzer, Tashima, et al., California Practice Guide: Federal Civil Procedure Before Trial (2011) § 9:77, at 9-21 (considering subject matter jurisdiction and standing first "prevents a court without subject matter jurisdiction from prematurely dismissing a case *with prejudice*.") (emphasis added).

However, Defendant's concern that Plaintiff is sidestepping the sanctions motion in filing the ex parte application should be assuaged by virtue of the fact that the Court may hear the sanctions motion even if the Court determines that it lacks subject matter jurisdiction over the controversy. *See Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 398 (1990) ("petitioner's voluntary dismissal did not divest the District Court of jurisdiction to consider respondents' Rule 11 motion."); *Westlake N. Prop. Owners Ass'n v. City of Thousand Oaks*, 915 F.2d 1303, 1303 (9th Cir. 1990) ("Even if a court does not have jurisdiction over an underlying action, it may have jurisdiction to determine whether the parties have abused the judicial system and whether sanctions are appropriate to remedy such abuse.").[2]

The Court would discuss with the parties the issue of Plaintiff's somewhat confusing statement that he "needs to and will add in additional California Defendants which requires a state court filing." Docket No. 23 at 2. The 7/31/12 Order faults the complaint for insufficiently pleading diversity jurisdiction given that it appears both Plaintiff Okorocha and Defendant National College for DUI Defense are California citizens; this problem would obviously not be remedied by any state filings (unless Plaintiff simply indicates that he will refile the case in state court), or by adding additional California defendants. Defendant, somewhat ironically, states that the issue of diversity jurisdiction requires "further discussion" as it argues that Defendant is *not* a California citizen. *See* Docket No. 24 at 7. Indeed, the Court will discuss the matter with the parties further at the August 9, 2012 hearing.

### III. Conclusion

The Court would GRANT Plaintiff's ex parte application for voluntary dismissal. The Court would discuss with the parties a mutually agreeable date for Defendant's sanctions motion to be heard.

---

[2] An order imposing sanctions for filing a frivolous complaint "implicates no constitutional concern because it 'does not signify a district court's assessment of the legal merits of the complaint,' [and] therefore does not raise the issue of a district court adjudicating the merits of a 'case or controversy' over which it lacks jurisdiction." *Willy v. Coastal Corp.*, 503 U.S. 131, 137-38 (quoting *Cooter & Gell*, 496 U.S. at 396).